UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| JAMES B. ROLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 5:25-cv-00039-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| MISTY BURKHART, *et al.*, | ) | **MEORANDUM OPINION** |
| | ) | **& ORDER** |
| Defendants. | ) | |
| | ) | |

\*\*\*    \*\*\*    \*\*\*    \*\*\*

*Pro se* Plaintiff James B. Rollins completed and filed an E.D. Ky. 520 Civil Rights Complaint Form. [R. 19.] In that operative pleading, Rollins alleges that, in late 2024, while he was incarcerated at the Lee Adjustment Center in Beattyville, Kentucky, he was involved in multiple physical altercations with other inmates and sustained injuries. *Id.* at 3-4. Rollins claims that he received legally inadequate medical care after these incidents and says that, instead of being properly treated, he was wrongfully placed in segregation, causing him harm. *Id.* at 4-5. Pursuant to 42 U.S.C. § 1983, Rollins asserts civil rights claims against five Defendants—grievance coordinator Marcia Fugate, x-ray technician Jenny Ison, radiologist Nicholas Kuehn, and medical providers Misty Burkhart and Whitney Wilson—and he is seeking money damages "for cruel and unusual punishment." *Id.* at 2-6; *Id.* at 10.

Defendant Fugate responded to Rollins's complaint by filing a motion to dismiss. [R. 33.] Rollins filed a response in opposition to that motion, and Defendant Fugate filed a reply in support of it. [R. 38; R. 43.] Defendants Ison and Kuehn also responded to Rollins's complaint by filing their own motion to dismiss. [R. 54.] Rollins then filed a response in opposition to that motion as well, and Defendants Ison and Kuehn filed a reply in support of it [R. 57; R. 61].

Finally, Defendants Burkhart and Wilson each filed answers in response to Rollins's complaint. [R. 45; R. 48]. That said, while the other Defendants' motions to dismiss were pending, Defendants Burkhart and Wilson went ahead and filed a motion for summary judgment. [R. 66.] These dispositive motions are now before this Court.

The Court begins with the motions to dismiss filed by Defendants Fugate, Ison, and Kuehn pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. These motions test the sufficiency of Rollins's complaint. *See Gardner v. Quicken Loans, Inc.*, 567 F. App'x 362, 364 (6th Cir. 2014). The Court views that complaint in the light most favorable to Rollins and accepts as true all "well-pleaded facts." *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014). And since Rollins is proceeding without a lawyer, the Court reads his complaint to include all fairly and reasonably inferred claims. *See Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

The Court has reviewed the parties' submissions and will first grant Defendant Fugate's motion to dismiss. [R. 33.] As best as the Court can tell, Rollins is simply objecting to how Defendant Fugate responded (or failed to respond) to an administrative grievance that he filed. [R. 19 at 5.] The Sixth Circuit, however, has made it clear that liability in a civil rights action "may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance." *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004). And to the extent that Rollins alleges that a response he received from Defendant Fugate was "missing review attachments," he does not provide a meaningful context to this allegation or otherwise explain how Defendant Fugate's conduct amounted to a violation of his due process or other rights. [R. 19 at 5.] Thus, Rollins has failed to state a claim upon which relief may be granted against Defendant Fugate.

The Court will also grant the motion to dismiss filed by Defendants Ison and Kuehn. [R. 54.] It is true that, under certain circumstances, a prisoner can establish an Eighth Amendment violation if he is provided with inadequate medical care. However, the prisoner must satisfy two components—one objective and one subjective. *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005). To satisfy the objective component, the prisoner must allege a sufficiently serious medical need. *Id.* To satisfy the subjective component, the prisoner must allege facts which "show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id.* (quoting *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001)).

Here, even if the Court assumes that Rollins has alleged a sufficiently serious medical need, he has not alleged that either Defendant Ison or Defendant Kuehn acted with the *mens rea* required to satisfy the subjective prong of a deliberate indifference claim. Instead, it appears that Rollins's primary allegation is that Defendant Ison, an x-ray technician, simply administered an x-ray of his jaw, and Defendant Kuehn, a radiologist, interpreted that x-ray. [R. 19 at 4.] Although Rollins may be objecting to the way his x-ray was read, he does not clearly allege the kind of culpable mental state required to state an Eighth Amendment deliberate indifference claim. *See id.*

Moreover, documentation that Rollins attached to his own complaint indicates that Defendant Kuehn recommended further treatment if Rollins experienced clinical concerns or relevant symptoms, further undermining a claim of deliberate indifference. [R. 19-2 at 1.] And while Rollins alleges at one point that Defendants Ison and Kuehn "switched the image of [his] x-ray results," he does not put forth any well-pleaded facts to support this brief, conclusory statement. [R. 19 at 5.] Rather, Rollins submits documentation indicating that, since shortly

3

after his x-ray was taken, he characterized his problem as "someone reading x-ray results wrong." [R. 52-1 at 8.] This does not amount to an Eighth Amendment violation. Thus, the Court will grant the dispositive motion filed by Defendants Ison and Kuehn.

That leaves Rollins's claims against Defendants Burkhart and Wilson. While these Defendants recently filed a motion for summary judgment, that submission is premature at this stage of the litigation as the Court has not yet entered a scheduling order in this case. [R. 66.] It is true that this civil action—which was brought without counsel by a person in state custody—is exempt from the requirements of Federal Rule of Civil Procedure 16(b). *See* LR 16.1(c). Nevertheless, at this point in a *pro se* prisoner civil rights case, the Court generally refers the matter to a United States Magistrate Judge for pretrial management, including overseeing the discovery process and preparing proposed findings of fact and conclusions of law on any dispositive motions. The Court will proceed in that manner here as well.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant Fugate's Motion to Dismiss **[R. 33]** is **GRANTED**, and, thus, Rollins's civil rights claims against her are **DISMISSED**;

2. Defendants Kuehn and Ison's Motion to Dismiss **[R. 54]** is also **GRANTED**, and, as a result, Rollins's civil rights claims against them are likewise **DISMISSED**;

3. The Motion for Summary Judgment filed by Defendants Burkhart and Wilson **[R. 66]** is **DENIED** without prejudice to their right to reassert their motion at the appropriate time and in accordance with any future scheduling orders entered in the case;

4. Pursuant to 28 U.S.C. § 636(b), this matter is **REFERRED** to a United States Magistrate Judge to conduct all pretrial proceedings, including overseeing the

4

discovery process and preparing proposed findings of fact and conclusions of law on any dispositive motions; and

5. The Clerk of the Court shall **ASSIGN** this matter to a United States Magistrate Judge.

This the 13th day of January, 2026.

Gregory F. Van Tatenhove
United States District Judge